IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THERENCE W. CROOKS,
    Plaintiff,

vs.                                             Case No.: 3:17cv453/RV/EMT

JULIE JONES, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff is proceeding pro se and in forma pauperis ("IFP") in this civil rights action brought under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Presently before the court is Plaintiff's Second Amended Complaint (ECF No. 13) and "Motion for Preliminary Injunction and/or Temporary Restraining Order," with supporting materials (ECF Nos. 9, 10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of the Second Amended Complaint and Plaintiff's motion for a TRO, it is evident that Plaintiff's requests for declaratory and injunctive relief are moot. Therefore, the court will provide Plaintiff an opportunity to modify his request

for relief by filing an amended complaint.[1]  The undersigned will also recommend that Plaintiff's motion for a TRO be denied as moot.

Plaintiff was an inmate of Santa Rosa Correctional Institution when he commenced this case (*see* ECF No. 1).  In the Second Amended Complaint, Plaintiff claims that the fourteen named Defendants, including FDOC Secretary Jones and thirteen prison officials at Santa Rosa C.I., interfered with his rights to freely exercise his Rastafarian religion by requiring him to cut his hair and prohibiting him from possessing prayer beads and religious head coverings, in violation of the First Amendment, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (*see* ECF No. 13).  Plaintiff seeks declaratory relief and nominal damages (*see id.* at 17, 20).  He also seeks temporary and permanent injunctive relief, including a temporary and permanent injunction enjoining Defendants from requiring him to cut his hair or otherwise punishing him for failing to cut his hair (*see* ECF No. 13 at 20; ECF No. 9), as well as a permanent injunction requiring Defendants to modify FDOC regulations to allow male

---

[1] Because Plaintiff is proceeding IFP and was an inmate of the Florida Department of Corrections ("FDOC") at the time he commenced this case (*see* ECF No. 1), the court is statutorily required to review the complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Rastafarian inmates to grow their hair and possess prayer beads and head coverings (ECF No. 13 at 20).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood that Plaintiff will prevail on the merits; (2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Plaintiff outweighs the threatened harm an injunction will do to Defendants; (4) that the granting of the preliminary injunction will not disserve the public interest. *See* <u>CBS Broad., Inc. v. Echostar Communc'n Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." <u>CBS Broad., Inc.</u>, 265 F.3d at 1200 (citation omitted).

Here, Plaintiff's requests for injunctive relief are moot.  After Plaintiff filed his Second Amended Complaint and his motion for TRO, he was released from the FDOC.  The FDOC website indicates Plaintiff was released on February 5, 2018.[2]  The failure of the court to issue an order (1) enjoining FDOC officials from requiring Plaintiff to cut his hair or from punishing him for refusing to cut it, and (2) directing Defendants to modify FDOC regulations to allow male Rastafarian inmates to grow their hair and possess prayer beads and head coverings, could have no effect on Plaintiff.  Plaintiff, therefore, cannot show that he will suffer irreparable injury if the court fails to grant him preliminary injunctive relief.  *See* Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); McKinnon v. Talladega Cnty., 745

---

[2] *See* Florida Department of Corrections, Corrections Offender Network, Offender Information Search, http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited February 9, 2018).

F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). Therefore, Plaintiff's motion for temporary relief should be denied.

Additionally, in light of Plaintiff's release, he may not recover the declaratory and injunctive relief he requests in his Second Amended Complaint. *See* Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Wahl, *supra*. Therefore, Plaintiff must modify his pleading in this respect.

Accordingly, it is **ORDERED**:

1. The clerk of court shall send Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **FOURTEEN (14) DAYS** from the date of docketing of this order, Plaintiff shall file an amended complaint, which shall be typed or clearly written, submitted on the court form, and titled "Third Amended Complaint."

3. Plaintiff's failure to comply with an order of the court may result in a recommendation of dismissal of this case.

And it respectfully **RECOMMENDED**:

That Plaintiff's "Motion for Preliminary Injunction and/or Temporary Restraining Order" (ECF No. 9) be **DENIED as moot**.

At Pensacola, Florida, this 12<u>th</u> day of February 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**